UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10845 WGY
(Honorable William G. Young, District Judge)

---

In Re:   BARCELONE LUC

Chapter 13 Case No. 05-10544

---

BARCELONE LUC,
Appellant

CHANTAL LUC,
Appellee

On Appeal from An Order of the United States Bankruptcy Court
For The District Of Massachusetts
(Honorable William C. Hillman, Bankruptcy Judge)

---

BRIEF OF THE APPELLEE CHANTAL LUC

---

COUNSEL FOR THE APPELLEE
Peter D. Hoban, Esq.
Nasson, Hoban & Jesson, LLP
278 Mystic Avenue, Suite 207
Medford, MA 02155
(781) 393-9332
BBO#236000

DATE: JUNE 9, 2005

1

I.   Preliminary Procedural Statement

Chantal Luc (Appellee) is the spouse of Barcelone Luc (Appellant) in a pending divorce action in the Suffolk County Probate Court, Boston, Massachusetts entitled Luc v. Luc, Docket No. 99D1859.  Chantal Luc (Appellee) files her brief in support of an order entered on March 10, 2005 by the United States Bankruptcy Court for the District of Massachusetts entitled Order Granting Motion For Relief From Stay which allowed Wife to continue to pursue a divorce action against her spouse, the Appellant Barcelone Luc in the above described divorce action. A trial of the Divorce action is scheduled for October 11 and 12, 2005, before Justice John J. Smoot.

II.  Statement of Issues Presented on Appeal

Whether the Bankruptcy Court was correct in allowing Chantal Luc's (Appellee) Motion For Relief From Automatic Stay to allow her, as the spouse of Barcelone Luc (Appellant), to continue to pursue the pending divorce action in the Suffolk County Probate Court.

III.  Statement of the Case

Chantal Luc (Appellee) is the wife of Barcelone Luc (Appellant).  A trial of their divorce action was for February 1 and 2, 2005, at the Suffolk County Probate Court to resolve all issues related to the divorce.  Barcelone Luc filed the Chapter

13 Bankruptcy Petition on January 28, 2005. As a result of a Suggestion Of Bankruptcy filed by Barcelone Luc's attorney, Harold Gorach, Esq. the Probate Court continued the divorce action pending the Bankruptcy Court allowing the Appellee Chantal Luc to proceed further. The Appellee Chantal Luc filed a Motion For Relief From Automatic Stay on February 7, 2005 (see Appendix filed by Appellant Barcelone Luc pages 10-15) which was allowed by the Bankruptcy Court on March 10, 2005 and is the subject matter of the instant Appeal.

IV.   Proceedings in Bankruptcy Court

After Chantal Luc (Appellee) filed her Motion For Relief From Automatic Stay (See Appellant's Appendix pages 10-15)the Appellant filed, on February 21, 2005, his Opposition to said Motion (see Appellant's Appendix page 16). A hearing was held before Judge William C. Hillman on March 10, 2005 on Appellee's Motion For Relief From Stay and Appellant's Opposition to same. The Bankruptcy Court reviewed both parties' pleadings, listened to their counsels' oral arguments and then granted Appellee Chantal Luc's Motion For Relief From Stay, which allowed her to continue the pending Probate Court divorce action (see Appendix page 4 docket entry sheet paragraph 26). Shortly thereafter Chantal Luc (Appellee) filed the Notice of Allowance of the Motion For Relief From Stay with the Probate Court, and requested a new trial date. The Probate Court

3

scheduled the trial for July 7 and 8, 2005.  After this date was assigned, due to a conflict, Attorney Gorach requested a further continuance of the trial.   The Probate Court allowed the continuance and scheduled the trial for October 11 and 12, 2005.

VI.   Summary of Argument

The Bankruptcy Court was correct in allowing Chantal Luc's (Appellee) Motion for Relief For Stay as a matter of Bankruptcy law, Massachusetts General Laws and as a sound matter of judicial discretion based upon the existing facts and circumstances.

V.   Argument

Both parties are employed by the Massachusetts Bay Transit Authority as bus drivers.  The Probate Court divorce has been pending for approximately two years.  The Probate Court has issued Temporary Orders which ordered inter alia: sole physical custody of the parties two minor children to Chantal Luc (Appellee); an amount of child support, payment of the mortgage at the marital residence and other financial support to be paid by Barcelone Luc (Appellant); medical insurance coverage for the children; and granted Chantal Luc a Domestic Restraining Order and; and ordered Barcelone Luc to vacate the marital residence. Chantal Luc and the parties two minor children have been living at the marital residence at all times material hereto.  The divorce action is ripe for trial to conclude matters.  Barcelone

4

Luc has admitted in his Debtor's Opposition to Chantal Luc's

Motion For Relief From Stay (see Appendix 16-18) the following

facts: Barcelone Luc has claimed as an exemption in the pending

Bankruptcy Petition, the marital residence located at 23

Woodhaven Street, Mattapan, Massachusetts (owned by Barcelone

Luc and Chantal Luc as tenants by the entirety) under

Massachusetts General Laws Chapter 188 Section 1.  In addition,

Barcelone Luc claims as an exemption, from his Bankruptcy

Petition, his employment retirement/pension with the MBTA listed

at $40,000.00 pursuant to Massachusetts General Laws Chapter 235

Section 34(a) (See Appendix page 12, paragraph 7 and Appendix

page 16, paragraph 7).  These two assets are also subject to

Chantal Luc's claim for division of marital assets in the

parties divorce action pursuant to Massachusetts General Laws

Chapter 208 Section 34.  Barcelone Luc admits in his Debtor's

Opposition a monthly gross income of $4,448.74.  He lists

deductions of $1,809.00 leaving his net monthly income of

$3,284.74.  Barcelone Luc states that he has gross monthly

expenses of $3,118.00 which leaves him a balance of $166.74.

(See Appendix pages 12 and 17).  Barcelone Luc has an ongoing

obligation to pay Chantal Luc child support and to pay the

monthly mortgage on the marital domicile at 23 Woodhaven Street,

Mattapan, Massachusetts.  (See Appendix pages 12-13, paragraph 9

and Appendix page 17, paragraph 9.)  The divorce trial will

determine under Massachusetts laws the parties respective share of the marital assets, including the Mattapan, Massachusetts real estate and the respective MBTA pension/retirement benefits. The Bankruptcy Courts allowance of Chantal Luc's Motion For Relief From Stay will permit the proper judicial resolution of the divorce issues by the Suffolk County Probate Court. Bankruptcy law should not be used by a spouse as a shield to hinder and/or delay the other spouse's rights to have a Probate Court resolve the issues between the parties including child support, custody, visitation, restraining orders and division of marital assets and liabilities and all other related matters. The proper forum for this determination is the Suffolk County Probate Court not the Bankruptcy Court and therefore, the allowance of the Motion For Relief From Stay by Chantal Luc (Appellee) should be affirmed.

Respectfully Submitted
Chantal Luc (Appellee)
By her attorney,

Peter D. Hoban, Esq.
Nasson, Hoban & Jesson, LLP
278 Mystic Ave., Suite 207
Medford, MA   02155
(781) 393-9332
BBO#236000

6

## CERTIFICATE OF SERVICE

I, Peter D. Hoban as attorney for Chantal Luc (Appellee) do hereby certify that a copy of the within Brief of the Appellee has been forwarded to counsel for Barcelone Luc, Appellant, Attorney Harold M. Gorach, 50 Congress Street, Suite 710, Boston, Massachusetts 02109 by mailing a copy of same postage prepaid.

_____6/10/05_____                    _____Peter D Hoban_____
        Date                                Peter D. Hoban, Esq.

                                          Peter D Hoban
                                          Cont Original